## WEAKS SUPPLY COMPANY, Limited, v. McCLANAHAN.

### No. 4320.

Court of Appeal of Louisiana. Second Circuit, Second Division.

June 11, 1932.

T. H. McEachern, of Homer, for appellant.

Stewart & Stewart, of Minden, for appellee.

. CULPEPPER, J.

This is a suit to recover for building material alleged to have been sold and delivered by plaintiff to defendant, and for recognition of a lien and privilege upon the buildings erected therewith and lot of ground upon which same were erected. The amount sued for was $516.04, with legal interest from January 24, 1931, until paid.

There was judgment in favor of plaintiff in the full amount prayed for, with recognition and enforcement of its alleged lien and privilege, and defendant appealed.

The case was submitted on briefs without argument.

Defendant filed in evidence a letter received from plaintiff of date February 13, 1931. stating $367.04 to be the balance to date due by the former to the latter, "including the Debit Memorandum attached hereto,' and demanded check to cover. We do not find in the record the debit memorandum referred to in letter.

Defendant also filed in evidence invoice received from plaintiff, of date January 24, 1931, showing a balance due of $407.98. This amount defendant claims represents all that he owes plaintiff, and also claims plaintiff has failed to prove that defendant owes any sum in excess of that amount. Counsel for plaintiff, in his brief, states that the account. verified by invoices, shows a total due of $516.04. We find, marked filed in evidence by plaintiff. document to which we assume counsel has reference. It appears to be a statement of date January 24, 1931, showing a number of items totaling $516.04. Plaintiff's witness, J. H. Swanson, who is shown to be the credit manager for plaintiff in Monroe, testifying on direct examination, says that this statement is correct, and that the account as reflected by the statement is due and unpaid. On cross-examination, Mr. Swanson stated that all the items charged in the statement were ordered for and went into the buildings in question, and that he saw them after they were placed in the buildings.

Defendant in his testimony states that he does not deny owing plaintiff something, but not as much as is claimed. Asked by plaintiff's counsel to point out what charges are wrong, he says he is unable to do so, says he knows there is a discrepancy somewhere,

but that he cannot point it out. We think plaintiff's positive testimony is of such character that it outweighs the weak and uncertain negative character of the testimony of defendant.

█ █ The most serious point in this litigation is the point raised in defense counsel's brief, wherein he points out that nowhere in the record is it shown that plaintiff ever offered or introduced any evidence of a lien having been recorded as required by law. We have read the entire testimony, and examined the stenographer's notes, and fail to find where plaintiff offered to file or that there was filed in evidence the affidavit of lien and itemized statement of materials furnished defendant.

The itemized statement of the various amounts going to make up the $516.04 sued for has the file mark on it by deputy clerk of court, indicating that it was filed in evidence and marked plaintiff "2," but nowhere is it shown by the court reporter's transcript of the testimony that this document was ever even offered or ordered filed in evidence. Even if it had been, that in itself would not have been evidence of the offering and filing of the list of materials sold and affidavit thereto attached.

There is also shown one list of materials marked filed in evidence by the deputy clerk, "P. 3," totaling $165.97 in amount, but nowhere in the transcript of testimony is it shown this document was ever offered or ordered filed in evidence.

The petition contains no attached documents whatever. In paragraph 1 of the petition is shown the following reference to itemized statement: "That from November 12, 1930 to January 24, 1931, inclusive, your petitioner sold and delivered to the said F. C. McClanahan certain materials and supplies as shown by the attached itemized statement."

No mention is made of any affidavit or that the list of materials had been recorded. Nor does the petition state that the itemized statement was made a part of the petition. We do find among the papers an itemized list of the materials with affidavit of Bower Weaks attached, with the certificate of the clerk of court indorsed thereon showing register number, file mark, and certificate as to its recordation in the mortgage record book, all of which purports to have been done in compliance with the lien law on the subject. But, since it is nowhere shown that these documents were ever offered or filed in evidence, this court cannot consider them as evidence, and same will have to be disregarded.

There being no evidence before the court to show recordation of the lien and privilege alleged upon, plaintiff's claim to such will have to be rejected.

For these reasons the judgment appealed from is reversed in so far as it recognizes plaintiff to have a lien and privilege upon the property described in the petition, said claim to a lien and privilege being hereby rejected as in case of nonsuit. The judgment otherwise is affirmed; plaintiff to pay costs of appeal.